IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00644-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 75.70.130.162,

    Defendant.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on June 4, 2013.**

Defendant's Motion to Quash or Vacate Subpoena [filed May 17, 2013; docket #13] is **denied without prejudice** for the following reasons.

First, Defendant failed to attach a copy of the challenged subpoena to the present motion for the Court's consideration. Therefore, if Defendant chooses to re-file the motion, the Court instructs the Defendant to attach to the motion a copy of the challenged subpoena.

Second, Defendant signed the present motion in compliance with Fed. R. Civ. P. 11(a), but seeks to keep the subpoenaed information (Defendant's identity) from being disclosed to Plaintiff. As such, Defendant is seeking to proceed in this litigation anonymously. However, Defendant has failed to properly seek permission from the Court to do so. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment"). Therefore, if Defendant wishes to re-file the motion to quash in accordance with this order and all applicable local and federal court rules, Defendant may do so **on or before June 21, 2013** and must first (or contemporaneously) file a separate motion to proceed anonymously.[1] Defendant need not provide Defendant's identifying information again; for purposes of any renewed motion(s), the Court will consider the present motion as a "supplement" containing Defendant's identifying information.

---

[1] In addition to compliance with Rule 11, the Court also notes the necessity of having such information for the proper and efficient management of its docket. The motion must comply with D.C. Colo. LCivR 7.1C ("a motion ... shall be supported by a recitation of legal authority incorporated into the motion").

2

The Clerk of the Court is instructed to maintain under Restriction Level 2 the document located at docket #13 until further order of the Court, and to serve a copy of this order upon Defendant pursuant to the information provided in docket #13.